IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-00077 |
| | § | |
| 3.817 ACRES OF LAND, MORE OR | § | <u>JURY TRIAL DEMANDED</u> |
| LESS, SITUATED IN ZAPATA COUNTY, | § | |
| STATE OF TEXAS | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT ZAPATA COUNTY'S ORIGINAL ANSWER & OBJECTIONS**

---

Defendant County of Zapata ("Defendant"), hereby files its Original Answer & Objections to the United States of America's Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation.

### <u>RESPONSES TO THE COMPLAINT IN CONDEMNATION (DKT. NO. 1)</u>

1.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2.      Defendant admits the allegations in paragraph 2, subject to its objections and defenses stated below.

3.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 1-1).

4.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 1-1).

5.      Defendant asserts that it owns a full fee simple absolute interest in the approximately 3.817 acres of land affected by this condemnation suit. In response to paragraph 5, Defendant admits that the aerial map or plat of these 3.817 acres of land in Schedule D ("Map or Plat," Dkt. No. 1-1) and the legal description of this property in Schedule C ("Legal Description," Dkt. No. 1-1) appear to be more or less accurate.

6.      In response to paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 1-1), Defendant again asserts that it owns a full fee simple absolute interest in the approximately 3.817 acres of land affected by this condemnation suit. Defendant also admits that the aerial map or plat of this acreage in Schedule D (Dkt. No. 1-1) and its legal description in Schedule C ("Legal Description," Dkt. No. 1-1) appears to be more or less accurate.

7.      Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 1-1), constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Federal Rule of Civil Procedure 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. Defendant asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation for the taking and a bench trial to determine any damages that may result from the taking.

8.       In response to paragraph 8, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 1-1), Defendant asserts that it owns a full fee simple absolute interest in the approximately 3.817 acres of land affected by this condemnation suit.

9.       To the extent that paragraph 9 requires an answer, Defendant again asserts that it owns a full fee simple absolute interest in the 3.817 acres of land affected by this condemnation suit.

## RESPONSES TO THE DECLARATION OF TAKING (DKT. NO. 2)

10.       Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 2-1).

11.       Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 2-1).

12.       In response to paragraph 3, Defendant admits that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 2-1) appears to be more or less accurate.

13.       In response to paragraph 4, Defendant admits that the aerial map or plat of these 3.817 acres of land in Schedule D ("Map or Plat," Dkt. No. 2-1) appears to be more or less accurate.

14.       In response to paragraph 5, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 2-1), Defendant incorporates its answer from paragraph 6, above.

15.       In response to paragraph 6, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 2-1), Defendant incorporates its answer from paragraph 7, above.

16.       In response to paragraph 7, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 2-1), Defendant incorporates its answer from paragraph 8, above.

17.     As for paragraph 8, Defendant admits that Plaintiff made some efforts to negotiate acquisition of the property interest sought; however, Defendant denies that Plaintiff made best efforts in this endeavor.

## DEFENDANT'S OBJECTIONS AND DEFENSES

18.     Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 3.817 acres of land Plaintiff seeks. Defendant would show the following:

19.     Plaintiff has no constitutional authority to exercise eminent domain in this case.

20.     The statutory authorities Plaintiff cites do not authorize taking the County of Zapata's property and, therefore, the Plaintiff's taking is *ultra vires* and this Court must invalidate that taking.

21.     To the extent that Plaintiff has not cited federal laws that give it authority to take the above-captioned land, Defendant objects.

22.     To the extent that Plaintiff has not complied with the federal laws, statutory and/or regulatory authority it has cited, Defendant objects.

23.     Defendant reserves its right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

24.     Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

25.     Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

26. Plaintiff has exceeded its condemnation powers by seeking to conduct surveying and testing needed prior to constructing "related structures" on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority contained in 8 U.S.C. § 1103(b) and note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." To the extent that Plaintiff's stated public purpose fails to define "related structures," Defendant objects. *See* Schedule B, Dkt. No. 1-1, 2-2.

27. Plaintiff has exceeded its condemnation powers by seeking to condemn property that is not "adjacent to or in the vicinity of an international land border." That stated intent to condemn Defendant's property exceeds the grant of authority contained in 8 U.S.C. § 1103(b)(1), which allows "[t]he Attorney General" to "contract for or buy any interest in land, including temporary use rights, adjacent to or in the vicinity of an international land border." As defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp.194 (S.D. Tex. 1945), and the Supreme Court in *U.S. v. States of La., Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960), in Texas the international border between the United States and Mexico is not a "land border," but instead a water border, comprised of "a line commencing at the mouth of the Rio Grande, thence up the middle of that river to the southern boundary of New Mexico." *Amaya* at 194. *See* Schedule D, Dkt. No. 1-4, 2-4.

28. Plaintiff has exceeded its condemnation powers by failing to engage in bona fide negotiations with Defendant as required by 8 U.S.C. § 1103(b)(2) and (3). Specifically, Plaintiff initiated the instant proceeding against Defendant's property without either (i) inviting Defendant to fix a price for the interest Plaintiff seeks, or (ii) making best efforts to agree with Defendant on a reasonable price for that interest in line with rational and lawful standards for determining a reasonable price.

29.     Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added).

30.     Defendant further objects to Government's officers, employees, agents, and/or contractors accessing the 3.817 acres of land, if the County of Zapata has issued a stay-at-home order and/or a shelter-in-place order. Although no order is in place now, Defendant seeks to protect the health and safety of its citizens and requests this limitation.

31.     Defendant further objects to the extent this taking violates the 4th Amendment to the United States Constitution.

32.     Defendant further invokes the the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution.

33.     Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## **RELIEF REQUESTED**

34.     For the foregoing reasons, Defendant County of Zapata respectfully requests that the Court:

   a.   Enter an order denying the 12-month, fully assignable temporary easement sought by Plaintiff, since the scope of the easement exceeds Plaintiff's authority.

b.  Vest in the County of Zapata title to the property that Defendant unlawfully divested by filing its Declaration of Taking under 40 U.S.C. §§ 3113 and 3114.

c.  Allow Defendant to recover its expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable.

d.  Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation;

e.  Grant Defendant's objections as set forth above and in a subsequent amendement to this Original Answer; and

f.  Grant Defendant any other relief the Court deems proper.

Dated: June 8, 2020                      Respectfully submitted,

                                         By: /s/ Carlos Evaristo Flores
                                         Carlos Evaristo Flores
                                         Southern District of Texas No. 940935
                                         Texas Bar No. 24050606
                                         WHITWORTH CIGARROA, PLLC
                                         602 East Calton, Suite 201
                                         Laredo, Texas 78041
                                         Telephone:  (956) 727-4441
                                         Facsimile: 956.727.2696
                                         E-mail: cflores@wctexlaw.com

                                         Attorney County of Zapata, Texas

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on the 8th day of June 2020, she electronically submitted a true and correct copy of the foregoing Original Answer with the Court via the CM/ECF system, which will serve a copy on all counsel of record.

/s/ Carlos Evaristo Flores